[Cite as *State v. Douglas*, 2019-Ohio-3228.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-12-086 |
| - vs - | : | O P I N I O N<br>8/12/2019 |
| | : | |
| ADAM M. DOUGLAS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2018-CR-00039

D. Vincent Faris, Clermont County Prosecuting Attorney, Katherine Terpstra, 74 S. Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Strauss Troy, Richard L. Crosby III., 150 E. 4th Street, 4th Floor, Cincinnati, Ohio 45202, for appellant

**PIPER, J.**

{¶ 1} Appellant, Adam Douglas, appeals his convictions in the Clermont County Court of Common Pleas for gross sexual imposition and rape.

{¶ 2} Douglas was in a relationship with the victim's mother, and during that time, became a father figure to the victim. After a child services agency investigated reports of improper conduct between Douglas and the child, Douglas was indicted on four counts of

rape and two counts of gross sexual imposition. The rape charges included forced vaginal, anal, and oral sex with the victim, who was 12 years old at the time.

{¶ 3} Douglas pled not guilty and the matter proceeded to trial. On the third day of trial, before the state had rested, Douglas withdrew his former not guilty pleas and pled guilty to four amended counts of rape and two counts of gross sexual imposition. The trial court sentenced Douglas to 20 years in prison. Douglas now appeals his convictions, raising two assignments of error specific to evidentiary issues that occurred at the trial.

{¶ 4} According to Crim.R. 11(B)(1), a guilty plea constitutes a complete admission of guilt. As such, a guilty plea "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 78. Therefore, a defendant who voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel may not subsequently raise independent claims involving an alleged deprivation of constitutional rights occurring prior to the guilty plea. *Id.* An exception to this rule exists when an appellant challenges the trial court's jurisdiction or the constitutionality of the statute violated. *Id.* at ¶ 79.

{¶ 5} Rather than raise either of these specific arguments or assign as error that his plea was not voluntary, knowing, and intelligent, Douglas merely stated in his brief that mistakes made by the trial court regarding evidentiary issues forced him to enter a guilty plea. However, the record does not show that Douglas was forced into his plea by evidentiary decisions or any specific factor that requires review on appeal. Instead, the record supports the validity of Douglas' plea and that he made such of his own free will.

{¶ 6} Douglas was provided a proper Crim.R. 11 colloquy at the time of his plea, which informed Douglas of the rights he was waiving by virtue of his plea, as well as the applicable punishments he faced. At no time did Douglas indicate that he felt forced into

pleading guilty or that the evidentiary decisions made by the trial court factored into his decision to plead guilty.

{¶ 7} Nor does Douglas suggest that the trial court lacked jurisdiction or that the rape and gross sexual imposition statutes are unconstitutional. Hence, Douglas is precluded from assigning as error any alleged evidentiary issues which occurred at trial before he pled guilty to the charges.

{¶ 8} Douglas' assignments of error are overruled.

{¶ 9} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.